## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kylese Perryman, | Case No. 23-cv-01984 (DWF/DTS) |
| Plaintiff, | |
| vs. | |
| City of Bloomington; Does 1-10, individuals that are employees or agents of the Bloomington Police Department; Detective Andrew Risdall; Hennepin County; and Does 11-20, individuals that are employees or agents of Hennepin County, | **ANSWER OF HENNEPIN COUNTY** <br><br> **DEMAND FOR JURY TRIAL** |
| Defendants. | |

For its Answer to Plaintiff's Complaint, Defendant Hennepin County, states and alleges as follows:

Except as admitted or otherwise pleaded herein, Hennepin County denies each matter, allegation, and thing in Plaintiff's Complaint.

Hennepin County:

### STATEMENT OF CLAIMS

1. With respect to paragraph 1 of the Complaint, admits that Plaintiff seeks money damages and equitable relief. Admits that Plaintiff alleges violations of Plaintiff's constitutional rights and tortious actions under Minnesota law. Denies that Plaintiff is entitled to damages. Denies that Plaintiff's claims have merit. Affirmatively states that

Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023. (Doc. 24.)

2. With respect to paragraph 2 of the Complaint, denies. Affirmatively states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023. (Doc. 24.)

3. With respect to paragraph 3 of the Complaint, admits that Plaintiff's Complaint purports to bring claims under federal and state law. Denies that Plaintiff's claims have merit. Denies that Plaintiff is entitled to relief. Denies all remaining allegations in paragraph 3 of the Complaint. Affirmatively states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023. (Doc. 24.)

## JURISDICTION

4. With respect to paragraph 4 of the Complaint, denies. Affirmatively states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023. (Doc. 24.)

5. With respect to paragraph 5 of the Complaint, admits.

6. With respect to paragraph 6 of the Complaint, denies. Affirmatively states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023. (Doc. 24.)

7. States that paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies.

8. With respect to paragraph 8 of the Complaint, admits.

## PARTIES

9. With respect to paragraph 9 of the Complaint, lacks sufficient information to admit or deny, and therefore denies.

10. With respect to paragraph 10 of the Complaint, states that the allegations do not relate to Hennepin County and therefore no response is required. To the extent that a response is required, denies.

11. With respect to paragraph 11 of the Complaint, admits.

12. With respect to paragraph 12 of the Complaint, states that the allegations do not relate to Hennepin County and therefore no response is required. To the extent that a response is required, denies.

13. With respect to paragraph 13 of the Complaint, states that the allegations do not relate to Hennepin County and therefore no response is required. To the extent that a response is required, denies.

14. With respect to paragraph 14 of the Complaint, admits that Plaintiff brings claims against unnamed Hennepin County employees working in the Hennepin County Sheriff's Office CISA division. Denies that Plaintiff's claims have merit. Denies all remaining allegations in paragraph 14 of the Complaint.

15. States that paragraph 15 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denies.

## FACTS

16. With respect to paragraphs 16 – 107 of the Complaint, Hennepin County is unable to substantively respond to these allegations due to the Expungement Order that

was sought and obtained by Plaintiff, and therefore Hennepin County denies these allegations.

17. With respect to paragraphs 108-110 of the Complaint, the referenced statement speaks for itself. Hennepin County denies the allegations to the extent that they are inconsistent with this statement.

18. With respect to paragraphs 111 – 112 of the Complaint, Hennepin County is unable to substantively respond to these allegations due to the Expungement Order that was sought and obtained by Plaintiff, and therefore Hennepin County denies these allegations.

19. With respect to paragraphs 113-114 of the Complaint, Hennepin County states that the cited article speaks for itself. Denies the allegations to the extent that they are inconsistent with the cited article. Denies any wrongdoing by Hennepin County or Hennepin County employees.

20. With respect to paragraph 115 of the Complaint, denies.

21. With respect to paragraphs 116-118 of the Complaint, Hennepin County states that the quoted policies and training materials speak for themselves. Denies the allegations to the extent that they are inconsistent with the cited policies and training materials.

22. With respect to paragraph 119 of the Complaint, denies.

23. With respect to paragraphs 120-122 of the Complaint, Hennepin County states that the quoted policies and training materials speak for themselves. Denies the

allegations to the extent that they are inconsistent with the cited policies and training materials.

24. Paragraph 123 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, denies.

25. With respect to paragraphs 124 – 125 of the Complaint, Hennepin County is unable to substantively respond to these allegations due to the Expungement Order that was sought and obtained by Plaintiff, and therefore Hennepin County denies these allegations.

26. With respect to paragraph 126 of the Complaint, denies. Affirmatively states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023. (Doc. 24.)

## COUNT I

27. With respect to paragraphs 127-144 of the Complaint, states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023, (Doc. 24), and so no response is required. To the extent a response is required, denies.

## COUNT II

28. With respect to paragraphs 145-157 of the Complaint, states that this claim does not relate to Hennepin County and therefore no response is required. To the extent a response is required, denies.

## COUNT III

29. With respect to paragraphs 158-168 of the Complaint, states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023, (Doc. 24), and so no response is required. To the extent a response is required, denies.

## COUNT IV

30. With respect to paragraphs 169-181 of the Complaint, states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023, (Doc. 24), and so no response is required. To the extent a response is required, denies.

## COUNT V

31. With respect to paragraphs 182-191 of the Complaint, states that this claim does not relate to Hennepin County and therefore no response is required. To the extent a response is required, denies.

## COUNT VI

32. With respect to paragraph 192 of the Complaint, Hennepin County restates all previous paragraphs.

33. Denies the allegations in paragraph 193 of the Complaint.

34. The allegations in paragraph 194 of the Complaint do not relate to Hennepin County and therefore no response is required. To the extent that a response is required, denies.

35. Denies the allegations in paragraph 195 of the Complaint.

36. The allegations in paragraph 196-199 of the Complaint do not relate to Hennepin County and therefore no response is required. To the extent that a response is required, denies.

37. With respect to paragraph 200 of the Complaint, Hennepin County is unable to substantively respond to these allegations due to the Expungement Order that was sought and obtained by Plaintiff, and therefore Hennepin County denies these allegations.

38. Denies the allegations in paragraphs 201-207 of the Complaint.

## COUNT VII

39. With respect to paragraphs 208-219 of the Complaint, states that this claim does not relate to Hennepin County and therefore no response is required. To the extent a response is required, denies.

## COUNT VIII

40. With respect to paragraphs 220-227 of the Complaint, states that Plaintiff's constitutional claims against Hennepin County were previously dismissed with prejudice by Order of the Court dated December 4, 2023, (Doc. 24), and so no response is required. To the extent a response is required, denies.

## COUNT IX

41. With respect to paragraphs 228-229 of the Complaint, states that this claim does not relate to Hennepin County and therefore no response is required. To the extent a response is required, denies.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Hennepin County alleges affirmatively that Plaintiff's claims are barred, in whole or in part, under the doctrines of absolute prosecutorial immunity, qualified immunity, official immunity, vicarious official immunity and/or other immunities or privileges under federal or state law.

3. Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional or negligent acts or the actions of those over whom Hennepin County exercises no right of control and for whose actions Hennepin County is not legally responsible.

4. Plaintiff lacks standing to seek the requested non-monetary relief.

5. Plaintiff failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

6. Plaintiff has failed to exhaust his judicial and/or administrative remedies.

7. If Plaintiff is entitled to recover any damages against Hennepin County, which is affirmatively denied, then Hennepin County is entitled to offset the amounts which Plaintiff has received from any collateral source or are entitled to receive therefrom.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

9. Plaintiff's claims are barred, in whole or in part, by the assumption-of-the-risk doctrines.

10. Defendant Hennepin County alleges that it is a municipality and therefore is immune from liability for punitive damages.

11. Defendant Hennepin County alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. § 1983 that are based upon the concept of respondeat superior.

WHEREFORE, Defendant Hennepin County prays for an Order of this Court as follows:

1. Dismissing Plaintiff's Complaint on the merits and with prejudice in its entirety;

2. Awarding Hennepin County all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3. For such other and further relief as this Court deems appropriate.

MARY F. MORIARTY
Hennepin County Attorney

Dated: December 18, 2023      By:  *s/ Sarah McLaren*
JAMES W. KEELER, JR. (#0176199)
Sr. Assistant County Attorney
SARAH McLAREN (#0345878)
Assistant County Attorney
2000A Government Center, MC200
300 South Sixth Street
Minneapolis, MN 55487
Telephone: (612) 348-5532
FAX No: (612) 348-8299
Jim.Keeler@hennepin.us
Sarah.McLaren@hennepin.us

*Attorneys for Defendant Hennepin County*