UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Kylese Perryman,                                    Case No. 23-cv-1984 DWF/DTS

              Plaintiff,

v.

City of Bloomington, Does 1-10,
individuals that are employees or agents of the
Bloomington Police Department,
Detective Andrew Risdall,
Hennepin County, and Does 11-20,
individuals that are employees or agents of
Hennepin County,

              Defendants.
_____

## JOINT RULE 26(f) REPORT
_____

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on **December 28, 2023** and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **January 9, 2024** at **9:30 a.m.** in Courtroom 9E in the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

### TRIAL BY MAGISTRATE JUDGE

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge **do not** waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement conference presided over by a magistrate judge in this district. If the parties consent and to

the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do not** wish to receive a date certain for trial at the Rule 16(a) conference.

## DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiff's claims:

   **Defendants carelessly and incorrectly identified Plaintiff Kylese Perryman—a young, Black man—as the perpetrator of a violent felony. Mr. Perryman did not commit the underlying crime at issue. Yet, Defendants arrested, imprisoned, and prosecuted him for this crime without conducting even a basic investigation. Even after Mr. Perryman produced an abundance of evidence proving his alibis and innocence, Defendants continued prosecuting Perryman—based on the deficient identification alone—for months, depriving Perryman of his rights under state and federal law. Defendants' actions were never reasonable and fail to meet the requirements for any claim of immunity.**

2. Concise factual summary of Defendant's claims/defenses:

   (a) **Defendants Detective Andrew Risdall and John Does 1-10 submit Plaintiff has failed to support his 42 U.S.C. § 1983 claims. Defendants' actions were objectively reasonable, and Plaintiff's claims are barred by the legal doctrine of qualified immunity.**

   (b) **Defendant City of Bloomington denies it is liable under *Monell* as the alleged violations were not a result of a municipal policy, custom, practice or failure to train and/or supervise.**

   (c) **Defendant Hennepin County denies that it is liable under Minnesota state tort law asserts the defense of vicarious official immunity.**

3. Statement of jurisdiction (including statutory citations):

   **Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343. The aforementioned statutory and constitutional provisions confer original**

jurisdiction over this action. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Summary of factual stipulations or agreements:

   **None.**

5. Statement of whether a jury trial has been timely demanded by any party:

   **A jury trial has been timely demanded by Plaintiff and Defendants.**

6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

   **The parties do not agree to resolve this matter under the expedited rules.**

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Defendants Hennepin County, Bloomington, and Risdall have been served. Doe Defendants will be served once identified through the course of discovery. Plaintiff otherwise does not plan to amend the complaint although reserves the right to do so upon discovery.

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **January 23, 2024**. If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

2. The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by **November 1, 2024.**

3. The parties must commence fact discovery procedures in time to be completed by **November 1, 2024.**

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

    a. **35** interrogatories per side;

    b. With regard to document requests:

        -- **Plaintiff proposes: No limit** in document requests per side;
        -- **Defendants propose: 50** document requests per side.

    c. With regard to requests for admissions:

        -- **Plaintiff proposes: No limit** in requests for admissions per side.
        -- **Defendants propose: 30** requests for admissions per side.

        The parties have discussed a protocol for the authentication of documents and agree on the following: **None.**

    d. **12** factual depositions per side;

    e. With regard to Rule 35 medical examination:

        -- **Plaintiff proposes: 0** Rule 35 medical examination
        -- **Defendants propose: 1** Rule 35 medical examination; and

    f. The parties have discussed the topic of Rule 30(b)(6) deposition practice and have made the following agreements: **None at this time.**

## EXPERT DISCOVERY

1. The parties anticipate that they **will** require expert witnesses at the time of trial.

    a. The Plaintiff anticipates calling **2** experts in the fields of **facial recognition and police practices.**

    b. The Defendants anticipate calling **1-2** expert in the fields of **police practices and procedures.**

2. The parties propose that the Court establish the following plan for expert discovery:

    a. Expert Disclosures

(i) The identity of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **November 1, 2024.**

(ii) The identity of any expert who Defendant may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **January 1, 2025.**

3. All expert discovery, including expert depositions, must be completed **within 60 days after all dispositive motions have been ruled on.**

## OTHER DISCOVERY ISSUES

1. Protective Order

   The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a **proposed protective order**. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2. Discovery of Electronically-Stored Information

   The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. The inform the Court of the following agreements or issues: **The parties agree to produce documents in PDF, with optical character recognition (OCR) or any other word-searchable format provided to the extent possible. The parties agree to produce documents in native format whenever it is more conducive to production or viewing (e.g. spreadsheets). The parties agree to maintain all electronically stored information (ESI) under its/their control at the time of this agreement in native format and further agree to meet and confer regarding the production of ESI in native format when requested. If either party has good faith reason to question the authenticity of any portion of the opposing party's document production, the parties will provide metadata when requested, or will meet and confer regarding production in another format.**

The parties will further meet and confer **on an as-needed basis** to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court **if such issues arise.**

3. Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502 and:

   a. **Will include their agreement in their proposed Protective Order.**

## MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by **July 1, 2024.**

2. Motions seeking to amend the pleadings must be filed and served by **July 1, 2024.**

3. Non-Dispositive Motions

   a. All non-dispositive motions relating to *fact* discovery must be filed and served by **December 1, 2024.**

   b. All other non-dispositive motions, including motions relating to *expert* discovery must be filed and served by **February 1, 2025.**

4. Dispositive Motions: All dispositive motions must be filed and served by **April 1, 2025.**

## TRIAL

1. The parties agree that the case will be ready for trial on or after **May 1, 2025.**

2. The anticipated length of the **jury** trial is **5-6** days.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the Defendant is self-insured.

**The City of Bloomington and its employees are self-insured members of the League of Minnesota Cities Insurance Trust, with statutory limits of liability. See Minn. Stat. § 466.04.**

**Hennepin County is self-insured.**

## SETTLEMENT

The parties have discussed settlement before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive.

The parties propose that a settlement conference be scheduled to take place **after dispositive motions have been ruled on.**

|  |  |
|---|---|
|  | **NELSON MULLINS RILEY & SCARBOROUGH, LLP** |
| DATE: January 2, 2024 | s/ *Claire C. Barlow* |
|  | Molly Jean Given (MN #0387713) |
|  | Claire C. Barlow (MN #0402721) |
|  | 1600 Utica Avenue South, Suite 600 |
|  | Minneapolis, MN 55416 |
|  | Tel: (612) 464-4500 |
|  | Fax: (612) 255-0739 |
|  | mollyjean.given@nelsonmullins.com |
|  | claire.barlow@nelsonmullins.com |
|  |  |
|  | Ian Bratlie (MN #0319454) |
|  | Teresa Nelson (MN #0269736) |
|  | **AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA** |
|  | PO Box 14720 |
|  | Minneapolis, MN 55414 |
|  | Tel: (651) 645-4097 |
|  | ibratlie@aclu-mn.org |
|  | tnelson@aclu-mn.org |

Ike W. Messmore (MN #0393276)
**SOULE & STULL LLC**
3033 Excelsior Blvd., Suite190
Minneapolis, MN 55416
Tel: (612) 353-6403
imessmore@soulestull.com

*Attorneys for Plaintiff*


**MARY F. MORIARTY**
**Hennepin County Attorney**

DATE: January 2, 2024              s/ *Sarah McLaren*
James W. Keeler, Jr. (#0176199)
Sr. Assistant County Attorney
Sarah McLaren (#0345878)
Assistant County Attorney
2000A Government Center, MC200
300 South Sixth Street
Minneapolis, MN 55487
Telephone: (612) 348-5532
FAX No: (612) 348-8299
Jim.Keeler@hennepin.us
Sarah.McLaren@hennepin.us

*Attorneys for Defendant Hennepin County*


DATE: January 2, 2024              s/Jason M. Hiveley
Jason M. Hiveley, #311546
Ashley M. Ramstad, #402446
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200
jasonh@iversonlaw.com
ashley@iversonlaw.com

*Attorneys for City of Bloomington Defendants*