## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Kylese Perryman,             Case No. 23-cv-1984 (DWF/DTS)

    Plaintiff,

v.

City of Bloomington, et al.,

    Defendants.
_____

The Court has reviewed the parties' proposed Protective Order and based on the review, **IT IS HEREBY ORDERED**:

**1.**    **Definitions.** As used in this protective order:

    (a)    "attorney" means an attorney who has appeared in this action;

    (b)    "confidential document" means a document designated as confidential under this protective order;

    (c)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)    "document" means information disclosed or produced in discovery, including at a deposition;

    (e)    "notice" or "notify" means written notice;

    (f)    "outside vendors" means remote deposition service, messenger, copy, coding, and other vendors not employed by a party or its attorneys; and

    (g)    "party" means a party to this action.

**2. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information within the ambit of Fed. R. Civ. P. 26(c) that, if publicly disclosed, may cause undue annoyance, embarrassment, or oppression.

(b) A document which contains only "public data" under the Minnesota Government Data Practices Act ("MGDPA") may not be designated as confidential. See Minn. Stat. § 13.02, subds. 14, 15.

(c) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(d) Deposition testimony may be designated as confidential:

   (1) on the record at the deposition; or

   (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3. Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

   (1) the court and its staff;

(2) an attorney or an attorney's partner, associate, staff, or outside vendors;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party;

(6) witnesses at the time of preparing for or giving testimony at deposition or trial in this action; and

(7) any person who is retained to assist a party or attorney with this action, including, but not limited to, experts, mediators, and arbitrators.

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **"Attorney Eyes Only" Designation.**

(a) A party may supplement the "confidential" mark (see Section 2) with the words "attorney's eyes only," if the confidential document contains:

(1) Criminal investigative data classified as confidential data or protected nonpublic data under Minn. Stat. § 13.82, subd. 7;

(2) Protected identities under Minn. Stat. § 13.82, subd. 17; or

(3) Confidential corrections and detention data under Minn. Stat. § 13.85, subd. 3; or

   (4) Security information under Minn. Stat. § 13.37, subd. 1(a).

 (b) The parties retain the right to challenge the designation of any document as "attorney's eyes only" under paragraph 9 of this order.

 (c) A person who receives a document marked "attorney's eyes only" may not reveal it, except to:

   (1) the Court and its staff;

   (2) an attorney or others in the attorney's office, including lawyers, law clerks, paralegals, and other staff who are assisting in this action;

   (3) a person shown on the face of the confidential document to have authored or received it;

   (4) any person who is retained to assist a party or attorney with this action, including, but not limited to, experts, mediators, and arbitrators; and

   (4) a court reporter or videographer retained in connection with this action.

**5.  Undercover law enforcement officers.**

Defendant Hennepin County shall redact data identifying Hennepin County Sheriff's Office employees who (1) are currently serving as undercover law enforcement officers or (2) were assigned to undercover officer positions in the past and with respect to whom the Hennepin County Sheriff's Office has determined that revealing the identity of the individual would threaten the personal safety of the individual or jeopardize an active investigation (Undercover Individuals). For purposes of this Section, the following data concerning Undercover Individuals shall be deemed identifying: name, nickname,

code name, badge number, and images of the Undercover Individual's face. For documents and still photographs, Hennepin County will use text overlay over each redaction listing a corresponding pseudonym for the Undercover Individual (i.e., 'Undercover Deputy A' or 'UC A'). The same unique pseudonym shall be used for each Undercover Individual throughout the data produced by Hennepin County. For video and audio footage, Hennepin County will blur out or otherwise redact the faces of Undercover Individuals; audio of such individuals' names and nicknames will be similarly redacted prior to production. Hennepin County will produce a log listing the pseudonyms of all Undercover Individuals redacted in each video or audio file. In addition, upon Plaintiff's request, Hennepin County will identify via pseudonym the specific Undercover Individuals with respect to whom audio or video redactions were made in specific portions of audio or video footage identified by Plaintiff. The parties agree to proceed via use of a pseudonym for the Undercover Individuals for all pretrial proceedings. The parties further agree that Plaintiff may notice the deposition of Undercover Individuals by serving a notice of deposition listing the Undercover Individual's unique pseudonym and further agree that any depositions of such individuals shall not be videorecorded and that no photographs of such individuals shall be taken, although Plaintiff's counsel may take such depositions in person or via audio-visual conferencing with the video feed on the deponent enabled. The parties agree to meet and confer regarding the continued protection of Undercover Individuals' identifying data at trial. The parties do not waive the right to challenge the appropriateness of such redaction or to seek further amendment of the Protective Order.

**6.     Home contact information, medical information, and psychological information.**

The Defendants will not produce home addresses, home phone numbers, medical or psychological data or social security numbers of any Defendant, City employee, or County employee. The parties reserve all rights to later seek this information in discovery if they develop a good faith basis to believe such information is discoverable in this action. The parties agree that should any party develop a good faith belief that this information is discoverable in this action, the parties will meet and confer about the discoverability and treatment of this information under this Protective Order. If the parties are not able to reach agreement during the meet and confer process, any party make seek guidance or relief from the Court.

**7.     Serving This Protective Order on a Non-Party.**

A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**8.     Use of a Confidential Document in Court.**

(a)     Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with LR 5.6.

(b)     Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**9.    Changing a Confidential Document's Designation.**

    (a)    Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)    Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)    Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party whose position is that a document should be designated confidential has the burden to show that the designation satisfies Fed. R. Civ. P. 26(c).

**10.   Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must return or destroy all confidential documents.

    (b)    Each attorney may retain a copy of any confidential document submitted to the court, which materials will otherwise remain subject to this Stipulation.

**11.   Survival of Obligations.**

The obligations imposed by this protective order survive the termination of this action.

12. **Qualified Protective Order and Specific Authorization in Law.**

To the extent necessary for the production of medical records, this Stipulation serves as a "qualified protective order" pursuant to 45 C.F.R. § 164.512(e)(l)(v) and "specific authorization in law" pursuant to Minn. Stat. § 144.293, subd. 2(2), and the parties hereto that are subject to said statutory obligations may, subject to paragraph 7(b), hereby produce all medical or health record information pursuant to this protective order, including the records of third parties, to the extent such information is otherwise discoverable, *i.e.*, relevant and proportional to the needs of this case.

13. **Defendants' proposal:**

    **Minnesota Government Data Practices Act.**

    To the extent necessary for the disclosure of data classified as "not public" under the Minnesota Government Data Practices Act (Minn. Stat. § 13.01 *et seq.*) the parties hereto that are subject to said statutory obligations are hereby authorized to disclose not public data consistent with this protective order, including the records of third parties, to the extent such information is otherwise discoverable, *i.e.*, non-privileged, relevant and proportional to the needs of this case, and such data may be designated as confidential where appropriate.

14. **Expungement Order.**

    (a)  To the extent necessary for the Defendants to access; review; request, produce, and use in discovery; and file and offer in Court; records that have been sealed by Hennepin County District Court by Order dated May 23, 2022 ("Expungement Order"), pursuant to Plaintiff's Petition for Expungement in the action *State of Minnesota v. Kylese Tishan Perryman*,

27-cr-21-18075 ("Expunged Records"), the parties agree that Defendants are hereby authorized, for purposes of this civil action, to access; review; request, produce, and use in discovery; and file and offer in Court the Expunged Records as of February 7, 2024.

(b)  Plaintiff hereby releases any claims that he may have against Defendants or their employees for their use of or statements regarding the Expunged Records on or after February 7, 2024, in accordance with this Protective Order.

(c)  The parties expressly agree that Defendants' failure to designate Expunged Records as "confidential" in this civil action or to make public statements regarding this action on or after February 7, 2024, does not violate the Expungement Order. The parties do not waive the right to challenge, pursuant to paragraph 9 of this order, the appropriateness of any party's confidentiality designations, or the lack thereof, on the Expunged Records.

(d)  Plaintiff agrees to execute any needed releases to permit Defendants to obtain discoverable material from third parties to the extent that that the discoverable material is deemed subject to the Expungement Order by the third-party custodian.

(e)  The parties do not waive any right to challenge the discoverability of the Expunged Records or the admissibility of the Expunged Records at any hearing or trial in this action.

Dated: February 22, 2024                  ___s/David T. Schultz____
                                          DAVID T. SCHULTZ
                                          U.S. Magistrate Judge

9